UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TODD B. KERN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 1:04CV162 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on movant's Motion under 28 U.S.C. § 2255by a Person in Federal Custody, [# 1], filed on November 22, 2004. The government has responded to the motion and has moved to dismiss. Movant has filed two supplemental motions, to which the government has responded, and which will be incorporated into the original motion and addressed herein. As grounds for his § 2255 motion, movant alleges:

> (1) Petitioner's Sixth Amendment right to a jury determination of the question of whether Petitioner is an "armed career criminal."
>
> (2) Failure of the Indictment to allege Petitioner's prior convictions were "violent felonies" did not charge a crime.
>
> (3) Petitioner received ineffective assistance of counsel in violation of the 6th Amendment when counsel failed to object to the judicial fact-finding.
>
> (4) Petitioner's Counsel was ineffective for failing to file a notice of

appeal.

(5) Petitioner's criminal history did not meet the requirements for imposition of a sentence as an armed career criminal.

(6) There was no showing petitioner possessed a firearm in or affecting commerce.

Movant raised the following issue in his first supplement to his motion:

Based on *Shepard v. United States*, 544 U.S. ___ (2005), movant's prior convictions for "burglary" cannot be used to enhance his sentence under the Armed Career Criminal Act.

In his Second Supplement to his motion, Kern raises the following:

Movant received ineffective assistance of counsel when counsel failed to investigate the Movant's prior convictions sufficiently well to establish the convictions had been set aside by operation of Illinois law.

The Court concludes that all of petitioner's claims are conclusively refuted by the record and the applicable law and therefore, the Court will deny the motion without a hearing.

## Facts and Background

Movant was indicted with one count of possessing a firearm and ammunition that affected interstate commerce, having previously been convicted of a felony. The indictment charged that Movant was convicted of the felonies of burglary, four

counts, on May 27, 1987, in the Circuit Court of St. Clair County, Illinois in Case Numbers 86CF917 and 87CR132. The indictment charged that Kern's possession of the firearm and ammunition was a violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

On September 2, 2003, movant appeared with his attorney and entered a plea of guilty to the Indictment. Movant had entered a Plea Agreement and Stipulation of Facts with the government at the time of his plea. This Agreement was filed with the Court.

Under the Plea Agreement, movant agreed to plead guilty to the felon in possession charge in the indictment. The parties recommended that the base offense level under U.S.S.G. Section 4B1.4(b)(3)(B) was 33. The parties recommended movant should receive a three level decrease for acceptance of responsibility. The parties also agreed that the Total Offense Level should be no higher than 30. The parties did not agree as to movant's criminal history, which was left to the determination of the Court. Movant admitted in the Plea Agreement to having been convicted of the felonies of Burglary, four counts.

Further, Kern agreed that by entering a plea of guilty, he expressly waived his right to trial. He agreed that his attorney explained these rights to him and the consequences of his waiver of those rights.

Kern stated that he was fully satisfied with the representation received from his attorney, that he had reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with his attorney and that his attorney had completely and satisfactorily explored all areas which Kern had requested relative to the government's case and any defenses.

Kern did not waive his right to file an appeal in his case nor to file a habeas petition. He did, however admit to being guilty of the crime charged. He also admitted that he had committed each and every act alleged in the indictment.

The Plea Agreement contained a stipulation of fact in which Kern admitted that he was in possession of the pistol and ammunition on November 24, 2001 and that he had been previously convicted of the felony of Burglary, four counts, from cases charged in St. Clair County, Illinois.

At the plea hearing, held on September 2, 2003, this Court addressed movant concerning the specifics of his Plea Agreement, as well as the voluntariness of his plea.

At the change of plea hearing, Kern agreed that he was satisfied with counsel. The Court conducted a thorough colloquy regarding movant's relationship with counsel. Kern stated that he had had enough time to discuss his case; that he was satisfied with counsel; and that there were no complaints.

Movant also stated that he understood the possible punishment in this case to be a minimum term of imprisonment of 15 years and a maximum of life and/or a fine of not more than $250,000 followed by a term of supervised release of not more than 5 years plus a mandatory special assessment of $100.00.

A Presentence Investigation Report was prepared following the plea. The Probation Officer recommended that movant's total offense level was 30. The Probation Officer also determined that each of Kern's prior burglary convictions was a crime of violence. Movant's criminal history category was determined to be IV. The Presentence Investigation Report concluded that the applicable sentencing range was, pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), subject to a minimum term of imprisonment of 180 months. No objections to the Presentence Investigation Report were made by any of the parties.

After giving movant an opportunity to speak on his own behalf (which he declined) at the sentencing hearing on July 21, 2004, the Court sentenced Kern to 180 months, the minimum sentence under 18 U.S.C. § 924(e).

The Court then advised Kern of his appeal rights. Kern stated that he understood these rights. No appeal was filed by Kern or on his behalf.

## **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a

sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

To prevail on an ineffective assistance of counsel claim, a convicted

defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

> The standard has been defined in this Circuit as follows:
>
> An ineffective assistance claim generally requires two showings. "First the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. This entails "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the defendant must show prejudice. *Id.* To show prejudice, he or she must prove that "counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable." *Id.*; *accord Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, L.Ed.2d 180 (1993)(admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.").

*Covey v. United States*, 377 F.3d 903, 906 (8th Cir. 2004).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that

"there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

## Discussion

**Movant's Sixth Amendment right to a jury determination of the question of whether Petitioner is an "armed career criminal."**

Movant argues that his Sixth Amendment right was violated when the Court, and not a jury mad the determination that he was an armed career criminal under 18 U.S.C. § 924(e). This argument is without merit. Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. ___ (2004) and *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), upon which movant relies, the finding of prior convictions is a determination to be made by the Court and is not included in those facts which must be determined by a jury.

> <u>Other than the fact of a prior conviction</u>, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

*Apprendi*, 530 U.S. at 489. (emphasis added).

**Failure of the Indictment to allege Petitioner's prior convictions were "violent felonies" did not charge a crime.**

Movant contends that the indictment is defective because it did not allege the essential factual elements of three or more violent felonies, committed on occasions

different from one another. This argument is without merit. The law in this circuit clearly establishes that the indictment need not allege facts which establish burglary is a "crime of violence."

> We construe "violent felony" under 18 U.S.C. § 924(e)(B)(ii) [sic] to have the same meaning as "crime of violence" under U.S.S.G. § 4B1.2. *Compare* 18 U.S.C. § 924(e)(2)(B)(ii) *with* U.S.S.G.§ 4B1.2(a)(2). *See United States v. Blahowski*, 324 F.3d 592, 594-95 (8th Cir. 2003), *cert denied*, 540 U.S. 934, 124 S.Ct. 356, 157 L.Ed.2d 243 (2003) ("nevertheless, we recognized that the clause in § 4B1.2 defining a crime of violence . . . contained identical language to the definition fo 'violent felony' under 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act . . . Since there was no reason to conclude that these two identically worded clauses had different meanings . . . we concluded that burglary of a commercial building was a crime of violence under the 'otherwise clause' of § 4B1.2(1)(ii) of the Sentencing Guidelines.").
>
> We have consistently held that burglary is a predicate offense under § 924(e) and U.S.S.G. § 4B1.2. *See United States v. Mohr*, 382 F.3d 857, 860-861 (8th Cir. 2004) (holding under U.S.S.G. § 4B1.2 that burglary is a crime of violence for purposes of the career offender provision); *Blahowski*, 324 F.3d at 594-95 (holding that burglary is a crime of violence under U.S.S.G. § 4B1.2, and stating that second-degree burglary poses a "serious potential risk of physical injury"); *United States v. Sun Bear*, 307 F.3d 747, 752 (8th Cir. 2002) (holding that burglary of commercial property is a crime of violence under U.S.S.G. § 4B1.2); *United States v. Peltier*, 276 F.3d 1003, 1006 (8th Cir. 2002), *cert denied*, 537 U.S. 862, 123 S.Ct. 246, 154 L.Ed.2d 103 (2002); *United States v. Nation*, 243 F.3d 467, 471 n. 1 (8th Cir. 2001); *United States v. Stevens*, 149 F.3d 747, 749 (8th Cir. 1998) (burglary of commercial property is a crime of violence under U.S.S.G. § 4B1.2.

*United States v. Nolan* 397 F.3d 665, 666-67 (8th Cir. 2005).

Because burglary has consistently been held to be a violent felony, a question of law as determined by the Eighth Circuit, specific facts did not need to be set forth in the indictment, nor determined by a jury.

**Petitioner received ineffective assistance of counsel in violation of the 6th Amendment when counsel failed to object to the judicial fact-finding, and Petitioner's Counsel was ineffective for failing to file a notice of appeal.**

Movant argues that his attorney was ineffective for failing to object to the finding of his convictions for burglary as "violent felonies." As discussed, *supra*, whether burglary is a violent felony is a question of law and based on Eighth Circuit authority, burglary is indeed a violent felony. Counsel's lack of objection to that finding was based on prevailing law which establishes this fact. Movant has failed to establish that Counsel's performance with regard to not objecting to the finding nor filing a notice of appeal fell "below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Movant's claim of ineffective assistance of counsel is without merit. Counsel is not required to make meaningless, futile arguments. Furthermore, movant has failed to establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694. Had counsel objected, movant's sentence would have been the same--there was no basis for objection to the Court's finding and therefore any objection would

have been overruled. Likewise, because the Eighth Circuit has consistently held that burglary is a crime of violence, movant can show no prejudice by the lack of filing of a notice of appeal, assuming he even asked counsel to file the notice; there is no reasonable probability that but for counsel not filing an appeal, the result would have been different.[1]

**Petitioner's criminal history did not meet the requirements for imposition of a sentence as an armed career criminal.**

Movant contends that the four cases involved in the "criminal spree" were consolidated for both the change of plea and sentencing. According to movant, he was not arrested on four separate occasions different from one another. He states that he was arrested on two separate occasion, but made one court appearance.

The Eighth Circuit has held that § 924(e) specifically notes that it is the occurrence of the criminal activity, not the conviction, that dictates the enhancement decision. *United States v. Speakman,* 330 F.3d 1080, 1083 (8th Cir. 2003). Movant was charged with burglary of four separate buildings on four separate dates: November 16, 1986, January 24, 1987, January 28, 1997, and February 7, 1987.

---

[1] The Court also points out that movant was advised at sentencing of his appeal rights. The Court set forth these rights and advised movant that the Clerk of the Court would file a notice of appeal for him if requested. The record is devoid of any request on movant's part that the Clerk file a notice of appeal on his behalf when movant became aware that his attorney had not filed a notice of appeal.

Movant's burglary convictions are not a part of a single criminal episode and were properly considered separate criminal convictions under 924(e). *United States v. Gray*, 152 F.3d 816, 821 (8th Cir. 1998)("The two transactions were distinct in time, occurring on separate days and required separate planning and execution by [the defendants.]").  This basis for relief is without merit and is therefore denied.

**There was no showing petitioner possessed a firearm in or affecting commerce.**

Movant challenges the fact that the firearm he possessed was not proven to have been transported in interstate or foreign commerce.  As the government correctly points out, movant admitted that the firearm was manufactured in Germany.  Furthermore, based on the record before the Court, it is clear that the government could prove this fact if it were required to do so at trial.  Movant's reply argument lacks merit as well.  Movant takes issue with the indictment's charge of "in and affecting interstate commerce" as it applies to his possession of the firearm. Section 922(g)(1) provides:

> (g)  It shall be unlawful for any person–
>
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in

interstate or foreign commerce.

Movant does not dispute that the firearm was manufactured in Germany. It was clearly therefore, a firearm which has been shipped in interstate and foreign commerce. Movant argues that his felon-in-possession conviction is invalid because there was no proof that his possession of the firearm affected commerce. This argument is without merit because it is sufficient that the government could prove the firearm was manufactured Germany. This proof would have satisfied § 922(g)(1)'s interstate commerce nexus. *See United States v. Rankin,* 64 F.3d 338, 339 (8th Cir.1995) (per curiam) (finding that the government's evidence that a sawed-off shotgun possessed by a felon in Missouri was manufactured in New York satisfied § 922(g)(1)'s interstate commerce nexus). *U.S. v. Abernathy*, 277 F.3d 1048, 1050 (8th Cir. 2002).

**Based on *Shepard v. United States*, 544 U.S. \_\_\_ (2005), movant's prior convictions for "burglary" cannot be used to enhance his sentence under the Armed Career Criminal Act.**

In his first Amendment to his Section 2255 Motion, movant urges the Court to adopt an interpretation of "burglary" that would not satisfy the predicate offenses for the purposes of applying the Armed Career Criminal. Movant argues that because the Illinois burglary statute is non-generic, as defined in *Shepard v. United States*, 544 U.S. \_\_\_ (2005), his convictions for burglary cannot be used to enhance

his sentence.

The Armed Career Criminal Act defines violent felony as an offense punishable by imprisonment for more than one year if it "is burglary. . ." The statute does not define burglary, and the Supreme Court has determined that Congress intended to include burglary in "the generic sense in which the term is now used in the criminal codes of most States." *Taylor v. United States*, 495 U.S. 575, 598 (1990). The Court therefore held that burglary within the meaning of § 924(e)(2)(B)(ii) is "any crime. . .having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id*, at 599.

The Court then took up the question of whether a prior burglary conviction may ever be counted as a "violent felony" if the state statute defined the offense to include conduct that falls outside the Court's definition of generic burglary. The Court held that the offense constitutes "burglary" for § 924's sentencing enhancement if either the statutory definition substantially corresponds to "generic" burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict. *Id*., at 601. The Eighth Circuit has "extended this principle to convictions based on guilty pleas where the statute included non-generic forms of burglary but the charging paper and the

defendant's guilty plea confirm that the offense fell within *Taylor's* definition of generic burglary." *United States v. Demint*, 74 F.3d 876, 877 (8th Cir. 1996). The Supreme Court agreed in *Shepard* "that *Taylor's* reasoning controls the identification of generic convictions following [guilty] pleas, as well as convictions on verdicts, in States with nongeneric offenses." 544 U.S. ___ 125 S.Ct. 1254 (2005).

The prior convictions at issue in this case resulted from movant's guilty pleas to charges that he violated Section 19-1(a) of Chapter 38 of the Illinois Revised Statutes,[2] now 720 ILCS 5/19-1(a). This Section provides:

> § 19-1. Burglary.
>
> (a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in The Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft. This offense shall not include the offenses set out in Section 4-102 of The Illinois Vehicle Code.
> 720 ILCS 5/19-1.

Admittedly, this definition goes beyond generic burglary as defined by *Taylor* because it is not limited to unlawful or unprivileged entries into buildings.

---

[2] The indictments filed March 6, 1987 have a typographical error which cite the statute as "Section 9-1(a) Chapter 38, Illinois Revised Statutes," however, it is clear that the correct citation should have been Section 19-1(a) for the offense of burglary.

- 15 -

However, in reviewing the charging papers and the record of his guilty plea, it is abundantly clear that movant was convicted of generic burglary for purposes of the Section 924. All four indictments charge movant with "knowingly entering *buildings* with the intent to commit therein a theft." All four counts of burglary, therefore satisfy the requirements of *Taylor* and *Shepard* for Section 924 enhancement. "When the charging paper charged generic burglary--unlawful entry into a building to commit a crime--the conviction is a violent felony for purposes of § 924(e) unless a plea agreement or plea colloquy establishes that the defendant pleaded guilty to an offense that was not generic burglary. Thus, to preserve the substantive issue that [defendant] argues in this case--that he did not commit generic burglary. . .the defendant must lay the factual predicate for that issue in his guilty plea to the [State] court." *United States v. Painter*, 400 F.3d 1111, 1114 (8th Cir. 2005). Movant's four convictions were for generic burglary and therefore constitute the requisite predicate offenses for enhancement.

**Movant received ineffective assistance of counsel when counsel failed to investigate the Movant's prior convictions sufficiently well to establish the convictions had been set aside by operation of Illinois law.**

Finally, movant argues that his counsel was ineffective in failing to investigate his prior convictions sufficiently well to establish the convictions had been set aside by operation of law. This argument is without merit. Movant attempts to equate

"Supervision" with "Probation" under the Illinois statute, however, these are separate and distinct dispositions.

> Probation and supervision are two distinct dispositions of criminal matters. Probation is a <u>sentence</u> or disposition of conditional and revocable release under the supervision of a probation officer. A sentence is the disposition imposed by the court on a <u>convicted</u> defendant.
>
> Supervision means a disposition of conditional and revocable release without probationary supervision, but under such conditions and reporting requirements as are imposed by the court, at the successful conclusion of which disposition the defendant is discharged and a judgment dismissing the charges is entered.
>
> The primary distinction between the dispositions is that successful completion of supervision results in dismissal of the charges and no judgment of conviction is entered; whereas, successful completion of probation does not result in dismissal of the charges, nor does it result in a judgment of conviction being dismissed or vacated.

*People v. Bushnell* 461 N.E.2d 980, 982 (Ill. 1984) (emphasis in original).

Movant's attempts to distinguish the holding and rationale of *Bushnell* are futile and blatantly unpersuasive. Clearly, movant's completion of his sentences of probation does not in any way result in a dismissal of the charges nor does it result in his convictions for four counts of burglary being set aside. As such, counsel was not ineffective in his investigation of movant's prior convictions.

## **Conclusion**

Based upon the foregoing analysis, none of the grounds upon which movant

relies entitles him to relief.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, correct or set aside sentence, [# 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability as movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 26th day of August, 2005.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE